IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ADENIKKE SANNI, Individually and on behalf of similarly situated individuals, <br><br> Plaintiff, <br><br> v. <br><br> BEAZER HOMES TEXAS, L.P. and BEAZER HOMES USA, INC. <br><br> Defendants. | § § § § § § § § § § § § § <br><br> CIVIL ACTION NO. |

## ORIGINAL COMPLAINT

Plaintiff, Adenikke Sanni ("Plaintiff") on behalf of herself and others similarly situated individuals, brings this action against her former employer, Beazer Homes Texas, L.P. and its parent company Beazer Homes USA, Inc, and alleges as follows:

### I. INTRODUCTION

1. Plaintiff, on behalf of herself and Collective Members who have worked for Defendants as New Home Counselors in the three years preceding the filing of this lawsuit, bring this collective action to recover overtime compensation, liquidated damages, attorney's fees, litigation expenses, costs of court, pre-judgment and post-judgment interest under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. ("FLSA").

2. The collective action consists of current and former employees who worked for Defendants or their subsidiaries, who in the three years preceding the filing of this suit were misclassified as exempt and were not paid overtime

1

compensation at time and one half for hours they worked over 40 in a week in violation of the FLSA and whose job duties included performing sales of newly constructed homes from Defendants' sales office. The collective action includes, without limitation, any individual with the job title of "New Home Counselors", sales counselor, or with any similar title who performed similar duties of the named Plaintiff and was paid as a commissioned, exempt employee (referred to herein as a "salesperson").

## II. JURISDICTION

3. Plaintiff brings this claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C.§201, *et seq.* to recover unpaid overtime compensation under §16(b) of the FLSA. This Court has jurisdiction under 28 U.S.C. § 1331.

## III. PARTIES

4. Plaintiff, Adenikke Sanni ("Plaintiff" or "Ms. Sanni"), is domiciled in Fort Bend County, State of Texas, and were employed by Defendant from approximately June 2019 to April 2020.

5. Plaintiff Sanni has consented to filing the instant action. (Exhibit "A").

6. Defendant Beazer Homes ("Beazer Texas") is a Delaware Corporation with its corporate office located at 1000 Abernathy Road, Suite 1200 Atlanta Georgia 30328. Defendant Beazer Texas may be served through its registered agent, Corporation Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218 or wherever else they may be found.

2

7. Defendant Beazer Homes USA, Inc. (Beazer USA) is a Delaware Corporation with its corporate office located at 1000 Abernathy Road, Suite 260 Atlanta Georgia 30328. Defendant Beazer USA may be served through its registered agent, Corporation Service Company at 251 Little Falls Drive, Wilmington, Delaware 19808 or wherever else they may be found.

## IV. VENUE

8. Jurisdiction of this action is conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any act of Congress regulating commerce."

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as a significant portion of the facts giving life to this lawsuit occurred in this District. Specifically, Plaintiff performed work for Defendant in Harris County.

10. Venue is proper in the Southern District of Texas, Houston Division pursuant to 28 U.S.C. §§ 1391(a)(2) and 1391(b), because among other reasons, Defendants are doing business in this District; the Plaintiff worked for Defendants in Harris County; and a substantial part of the events giving rise to the claim occurred in Harris County, Texas.

## V. COVERAGE UNDER THE FLSA

11. At all times hereinafter mentioned, Defendants were and are an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(1').

12. Each of the Defendants is engaged in interstate commerce with an annual volume of sales of not less than $500,000.

13. At all relevant times to this action, Defendants were the employer of Plaintiff and all others similarly situated within the meaning of 29 U.S.C. § 203(d) and constitute an "enterprise" engaged in commerce as defined in 29 U.S.C. §§ 203(r), 203(s).

## VI. THE FACTS

14. Defendants are developers and new home builders with operations throughout the United States. In the past 3 years, Defendants have employed thousands of individuals throughout the country as salespersons called "New Home Counselors", including Plaintiff and Collective Members individuals.

15. The Defendants also provides mortgage services for its homebuyers.

16. Defendants hired Plaintiff as a New Home Counselor to sell newly constructed homes in Beazer Homes communities.

17. Plaintiff was employed by Defendants as New Homes Counselors and was paid through commission.

18. Plaintiff and Collective Members situated frequently worked over 40 hours in a week while employed by Defendants.

19. Defendants' policy and practice were to deny pay Plaintiff and Collective Members overtime compensation for hours worked over 40 in a week as required by the FLSA.

20. Plaintiff and Collective Members are non-exempt current and/or former employees of Defendants, one or more of them, who worked overtime hours as salespersons and were misclassified as exempt.
21. Plaintiff and Collective Members were compensated on a commission basis as salespersons.
22. If Plaintiff and Collective Members were expected to maintain office hours and work at least 40 hours a week even in the weeks they did not receive any sales commission.
23. Plaintiff and Collective Members were not paid a salary or hourly rate for work performed as salespersons.
24. Plaintiff and Collective Members worked in Beazer model home sales offices.
25. Plaintiff and Collective Members used their company-owned model home sales office as their sales tool to show the prospective buyers what the house would look like.
26. Defendants made available at their model home sales office the following for Plaintiff and Collective Members to show to potential purchasers: sample carpet, paint, trim, roofing, and floor plans.
27. Defendants required Plaintiff and Collective Members to prepares required forms and documents for each home sale for prospective buyers in accordance with any legal requirements and Company policies.

28. Plaintiff and Collective Members used office equipment at the sales office to prepare the sales contract, paperwork and transmitted financial and banking information using the office phone, scanners, and fax machine.

29. Plaintiff and Collective Members were required to collect sensitive financial information from home purchasers such as banking information, tax returns, social security, and photo IDs at the sales office, transmit them and store the information according to company procedures.

30. There was no requirement for the Plaintiff and Collective Members to leave the model home sales office to conduct sales activities out of the office on a day or weekly basis.

31. Defendants paid for the marketing and advertisements to bring realtors and prospective purchasers to the model home.

32. Defendants did not train or required Plaintiff to engage in out of office activities such as conducting realtor or community outreach or marketing activities off company properties.

33. Defendants did not staff the model home sales office with receptionist or support staff to assist the Plaintiff and Collective Members.

34. It was the job duties of the Plaintiff and Collective Members to be present at the model home sales office to welcome walk-ins, answer phone calls from prospective purchasers, and stay there as long as it takes to close the sales and prepare the paperwork and reports each day.

35. The sales activities of the Plaintiff and Collective Members took place in the sales office.
36. The face-to-face sales pitch to the prospective purchasers, negotiation, and paperwork were performed by the Plaintiff and Collective Members in the model home sales office.
37. Plaintiff would go to her model home sales office early in the morning, unlock it, turn of the burglar alarm, and work out of it until the evening when she would turn on the alarm, lock the office before leaving for the day. Her manager could monitor the activities at the office based on the alarm log. A review of the alarm log will show Plaintiff's hours at the office each week during her tenure at Beazer.
38. Plaintiff and Collective Members were falsely classified as exempt for purposes of overtime and were paid on a commission basis without any overtime compensation.
39. Plaintiff and Collective Members worked more than 40 hours per week without any overtime compensation.
40. Defendants' business operations and the wages and compensation of Plaintiff and Collective Members are substantially similar, if not identical, at all of the Defendants' locations throughout the country.
41. Defendants knowingly failed to pay overtime to Plaintiff and Collective Members in violation of the FLSA.
42. Defendants' conduct has been willful and in bad faith. Plaintiff and Collective Members are entitled to liquidated damages for such conduct.

43. Defendants' practice is to be deliberately indifferent to violations of overtime requirements.

44. Defendants did not monitor or regularly assess if the Plaintiff and Collective Members spent of most of their time working in a sales office and evaluate if they were properly classified as outside sales employees.

45. Defendants were aware that Plaintiff and Collective Members worked in sales offices located inside model homes.

46. Defendants were aware that Plaintiff and Collective Members met with customers and potential purchasers in sales offices to sell new homes and to follow up on previous sales.

## VII.   COLLECTIVE ACTION ALLEGATIONS

47. Plaintiff re-alleges and incorporates by reference the preceding paragraphs.

48. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

49. Defendant Beazer Texas has classified all New Home Counselors in Texas as exempted from the FLSA.

50. Defendant Beazer USA has classified all New Home Counselors who worked for them directly or any of their subsidiaries nationwide as exempted employees.

51. Defendants have paid numerous New Home Counselors using the same pay structure consisting of commission with no overtime pay for hours worked in excess of 40 in a workweek.

52. Any differences in job duties or location do not detract from the fact that Beazer's New Home Counselors were paid strictly on a commission basis and were not paid minimum wage or overtime pay.

53. The Collective Members, or those who are similarly situated, consists of current and former individuals who worked for Defendants or their subsidiaries or divisions, who in the three years preceding the filing of this suit were misclassified as exempt and were not paid minimum wages and/or overtime compensation at time and one half for hours they worked over 40 in a week in violation of the FLSA and whose job duties included performing sales of newly constructed homes from a sales office. The collective action includes, without limitation, those individuals with the job title of New Home Counselors, sales counselor, or with any title who performed similar duties of the named Plaintiff and were paid as commissioned, exempt employees (referred to herein as "Collective Members").

54. Collective Members -the workers impacted by Defendants' misclassification scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b). Therefore, the collective is properly defined as:

> **"All salesperson and "New Home Counselors" who worked for Beazer Homes USA, Inc and Beazer Homes, TX LP at any time in the past three (3) years.**

55. Plaintiff and all others similarly situated shared common job duties and responsibilities as New Home Counselors. Thus, Plaintiff's experiences are typical of the experience of Defendants' other New Home Counselors.

56. Plaintiff filed this case as an "opt-in" collective action as specifically allowed by 29 U.S.C. §216(b).

57. Plaintiff brings these claims on their behalf and on behalf of all others similarly situated New Home Counselors who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of Defendants.

58. If ordered by the court, the Defendants can provide the identities of all Collective Members (New Home Counselors) including the name, last known address, telephone number dates of employment, and job title(s).

## VIII.
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## FAILURE TO PAY OVERTIME

59. Plaintiff re-alleges and incorporates by reference the preceding paragraphs.

60. Plaintiff reported the hours she worked to Defendants on a regular basis.

61. Plaintiff regularly worked more than forty (40) hours in a workweek.

62. Defendants did not pay Plaintiff or any Collective Members any overtime for all hours worked, including those in excess of forty (40) in a workweek.

63. Rather than receiving time and half of their regular rate for overtime as required by the FLSA, Plaintiff and Collective Members only received commission.

64. This misclassification scheme violates the FLSA.

65. Defendants were aware of the overtime requirements of the FLSA.

66. Defendants' failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA.

67. By failing to pay Plaintiff and those similarly situated overtime at one-and-one-half times their regular rates, Defendants violated the FLSA's overtime provisions.

68. Defendants owe Plaintiff overtime pay for all hours they worked over 40 hours a week. Because Defendants knew or showed reckless disregard for whether their pay practices violated the FLSA, Defendants owe these wages for at least the past three (3) years.

69. Defendants are liable to Plaintiff and those similarly situated for an amount equal to all unpaid overtime wages as liquidated damages.

70. Plaintiff and those similarly situated are also entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## IX. PRAYER

WHEREFORE, Plaintiff prays for relief as follows:

   a. An order allowing this action to proceed as a collective action under the FLSA and directing notice to all hourly employees who received straight time for overtime;

   b. Judgment awarding Plaintiff and those similarly situated all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

   c. An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

d. All such other and further relief to which Plaintiff and those similarly situated may show themselves to be justly entitled.

Respectfully submitted,

TRAN LAW FIRM

/S/Trang Q. Tran

Trang Q. Tran
Federal I.D: 20361
Texas Bar No. 00795787
2537 S. Gessner Road, Suite 104
Houston, Texas 77063
(713) 223-8855 Telephone
trang@tranlf.com
service@tranlf.com
**ATTORNEY FOR PLAINTIFF AND SIMILARLY SITUATED INDIVIDUALS**